UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:25-cv-81190-EA

**Mileidys Pujol,**

      Plaintiff,

v.

**Markwayne Mullin,**
**Kathy Baranowski,**
**Joseph B. Edlow,**

      Defendants.

                                 /

## OMNIBUS ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO FILE

This cause comes before the Court on the defendants' motion to dismiss [ECF No. 26] and the plaintiff's motion for leave to file a supplemental pleading under Federal Rule of Civil Procedure 15(d) [ECF No. 29]. Having carefully reviewed the motions and the arguments submitted, the Court grants the motion to dismiss and denies the motion for leave to file for the reasons stated below.

### Background

As alleged in the amended complaint, the plaintiff is a native of Cuba who resides in Miami, Florida. In February 2023, the plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status, pursuant to the Cuban Adjustment Act. In May 2023, United States Citizenship and Immigration Services ("USCIS") denied her Form I-485 on the grounds that the plaintiff is inadmissible for alleged fraud and willful misrepresentation. Later that month, the

plaintiff filed a Form I-290B, Notice of Appeal or Motion, which was granted, and the decision to deny her Form I-485 was withdrawn in September 2023.

After the withdrawal of the decision to deny her Form I-485, USCIS never completed the adjudication of her Form I-485. She then filed a Form I-601, Application for Waiver of Grounds of Inadmissibility. In January 2026, USCIS requested a new Form I-601 be filed. This new Form I-601 was ultimately rejected for failure to pay the filing fee.

In September 2025, the plaintiff initiated this action seeking a writ of mandamus to compel agency action. The amended complaint contains three counts: mandamus relief to adjudicate her Form I-485 under 5 U.S.C. § 555(b), as part of the Administrative Procedures Act ("the APA"); mandamus relief to adjudicate her Form I-601 under 5 U.S.C. § 555(b), as part of the APA; and declaratory relief that she is entitled to approval of her Form I-485. The defendants now move to dismiss the amended complaint for lack of jurisdiction or, alternatively, failure to state a claim.

After the motion to dismiss was filed, the plaintiff's Form I-485 was denied. In response, the plaintiff moves to file a supplemental complaint alleging that this denial was arbitrary and capricious.

### Analysis

Under the APA, agency action is not subject to judicial review if the "agency action is committed to *agency discretion* by law." 5 U.S.C. § 701(a)(2) (emphasis added); *see also Lincoln v. Vigil*, 508 U.S. 182, 191 (1993) ("Over the years, we have read § 701(a)(2) to preclude judicial review of certain categories of administrative decisions that courts have traditionally regarded as 'committed to agency discretion.'" (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 817 (1992) (Stevens, J., concurring in part and concurring in judgment))).

The Cuban Adjustment Act plainly states that:

> Notwithstanding the provisions of section 245(c) of the Immigration and Nationality Act, the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least one year, *may be adjusted by the Attorney General, in his discretion* and under such regulations as he may prescribe[.]"

Cuban Adjustment Act, Pub. L. No. 89-732, 801 Stat. 1161 (codified as a historical note to 8 U.S.C. § 1255) (emphasis added).

Thus, the Cuban Adjustment Act expressly commits agency action to the discretion of the agency. Accordingly, § 701(a)(2) deprives this Court of jurisdiction to review the agency's decision to not adjust status, which is the substance of the supplemental complaint. *See Elkins v. Moreno*, 435 U.S. 647, 667 (1978) ("[A]djustment of status is a matter of grace, not right[.]"). And the amended complaint is now moot because there now has been adjudication of the plaintiff's paperwork. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (explaining when a case becomes moot).

**Conclusion**

Therefore, it is **ORDERED AND ADJUDGED**:

1. The motion to dismiss [ECF No. 26] is **GRANTED**.

2. The amended complaint [ECF No. 22] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

3. The motion for leave to file [ECF No. 29] is **DENIED**.

4. This **CASE IS CLOSED**.

5. All pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 6th day of July 2026.



ED ARTAU
UNITED STATES DISTRICT JUDGE

Copies Served:

**Ahmad Mohamad Yakzan**
Tucker & Ludin P.A.
13577 Feather Sound Dr.
Suite 300
Clearwater, FL 33762
(727)572-5000
Email: yakzan@americandreamlawoffice.com

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

**Chantel Doakes Shelton**
DOJ-USAO
99 NE 4th Street
Ste 300
Miami, FL 33132
305-961-9353
Email: chantel.doakes@usdoj.gov